```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
TERRY BRANCH,
```

USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12-16-10

         Petitioner,    08 Civ. 8381 (PKC) (JLC)

      -against-    ORDER ADOPTING
               REPORT AND
               RECOMMENDATION
LUIS R. MARSHALL, SUPERINTENDENT,

         Respondent.
-----------------------------------------------------------x

P. KEVIN CASTEL, District Judge:

    Petitioner Terry Branch has filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he was denied the Constitution's guarantees of due process and the effective assistance of counsel. Specifically, he asserts that during his trial in the Supreme Court of the State of New York, New York County, the Fourteenth Amendment's guarantee of due process was violated when the trial court denied his motion to sever the trial. He separately asserts that because his appellate counsel failed to raise certain arguments, he was denied the Sixth Amendment's guarantee of effective assistance of counsel.

    Branch was tried alongside a co-defendant, Robert Mitchell, in the New York Supreme Court, New York County. According to testimony at trial, Branch and Mitchell were involved in an incident in which Mitchell brandished a firearm, the two men successfully demanded an individual to give them his watch, and Mitchell discharged his firearm without causing injury. (R&R at 2-3.) A vehicular chase involving law enforcement ensued, and concluded when Mitchell unsuccessfully fled on foot and the petitioner was removed from the getaway car. (R&R at 3-4.)

After trial, a jury found the petitioner guilty of two counts of robbery in the first degree, one count of criminal possession of a weapon in the second degree and one count of criminal possession of a weapon in the third degree. The Appellate Division, First Department, affirmed the conviction. People v. Branch, 35 A.D.3d 228 (1st Dep't 2005). The Court of Appeals denied leave to appeal. 8 N.Y.3d 919 (2007) (table). On May 2, 2008, the petitioner filed, pursuant to C.P.L. § 330, a writ of error coram nobis with the Appellate Division, First Department. (Tarr Dec. Ex. M.) It was denied by the Appellate Division, and the Court of Appeals denied leave on October 3, 2008. (Tarr Dec. Exs. P, S.) There is no dispute that the petition is timely and that the claims were exhausted at the state level. (R&R 9-12.)

I referred the petition to Magistrate Judge James L. Cott, who issued a Report and Recommendation on October 12, 2010 (the "R&R") recommending denial of the habeas petition. (Docket # 13.) I thereafter granted the petitioner's request for the extension of a deadline to file objections to the R&R. (Docket # 15.) The petitioner timely filed his objections. (Docket #16.) Having reviewed the R&R, the objections, and the relevant portions of the record, I conclude that the R&R is well reasoned and grounded in fact and law. I adopt it in its entirety.

I first address whether the trial court's denial of Branch's motion to sever violated his right to due process. According to the petition, Branch's "Constitutional rights were finally violated when he made a non-speculative, bona fide showing" that Mitchell "would have provide[d] exculpatory testimony," and that he suffered "undue prejudice" from the trial court's denial of his motion to sever. (Petition at 4-5.) The petition does not identify which clause of the Constitution is alleged to have been violated. (Petition at 4-5.) As the

2

R&R explains in detail, the denial of a motion to sever must result in a due process violation that causes actual prejudice amounting to a miscarriage of justice. (R&R at 14-15.) The R&R concluded that judicial economy favored the joint trial of Branch and Mitchell, see N.Y. C.P.L. § 200.40(1)(c), and that Branch's argument that Mitchell might have provided exculpatory testimony is based entirely on speculation. (R&R at 15-20.) The R&R concludes that if the petitioner and Mitchell and been separately tried, the trials would have been "identical" and that trying them together did not violate due process. (R&R at 16.)

In his objections to the R&R, Branch sets forth several reasons why Mitchell might have testified favorably for the petitioner in a separate trial. (Pet. Obj. at 20-24.) For example, according to Branch, "[t]here hardly existed any chance for Mitchell to be acquitted" in any trial, and if Mitchell had been found guilty in a separate trial, he would have testified favorably for Branch without fear of self-incrimination. (Pet. Obj. at 20-21.) According to Branch, because Mitchell's testimony would have been self-incriminating to Mitchell and exculpatory for Branch, Mitchell would not have been at risk of impeachment, and his testimony would therefore have been credited by a jury. (Pet. Obj. at 23-24.)

Branch's arguments continue to be based on speculation and mere possibilities. He hypothesizes as to both the content of Mitchell's testimony and the jury's resulting conclusions. This does not support a finding of a colorable constitutional violation. The petitioner fails to explain in non-speculative or non-conclusory terms how the denial of the motion to sever resulted in prejudice so severe that the trial amounted to a miscarriage of justice. See, e.g., Herring v. Meachum, 11 F.3d 374, 377-78 (2d Cir. 1993) (joinder of offenses is a constitutional violation only if it renders trial "fundamentally unfair" and results

3

in "actual prejudice"). I adopt the R&R's conclusions as to the petitioner's severance arguments.

Separately, the petitioner contends that the guarantee of effective assistance of counsel provided by the Sixth Amendment was violated because his appellate counsel failed to raise two specific arguments on direct appeal. First, he contends that the prosecutor engaged in misconduct when she allegedly mischaracterized witness testimony during summation. Second, he contends that the prosecutor failed to offer any credible in-court identification of Branch as a participant in the crimes charged. Branch argues that appellate counsel was ineffective for failing to raise these issues on appeal.

As the R&R notes, under Strickland v. Washington, 466 U.S. 668, 688-90 (1984), a defendant first must overcome a presumption of effective representation by presenting evidence that counsel's performance fell below an objective standard of reasonableness based on prevailing professional norms. A defendant must then establish prejudice by showing a reasonable probability that but-for counsel's performance, the trial's outcome would have been different. Id. at 693-94. It is insufficient to show that counsel's errors had "some conceivable effect" on the outcome. Id. at 693.

The R&R concluded that the petitioner could not satisfy Strickland's first prong, as appellate counsel filed a 48-page moving brief that appealed four issues, thus satisfying an objective standard of reasonableness. (R&R at 22.) As explained by the R&R, however, the prosecutor's summation misstated aspects of testimony incriminating the petitioner. (R&R at 23-24.) Assuming arguendo that appellate counsel's performance fell below an objective standard of reasonableness, the R&R concluded that any misstatements made in the prosecutor's closing were immaterial, and the failure to

4

raise them therefore did not prejudice the petitioner. (R&R at 23-24.) For instance, the prosecutor incorrectly identified which police officer was involved with which stage of Branch's identification and apprehension. (R&R at 23-24.) As stated in the R&R: "An experienced appellate attorney could thus reasonably conclude that raising this argument would not have increased Branch's likelihood of success on appeal." (R&R at 25.)

    The petitioner's objections to the R&R largely reiterate the arguments thoroughly explored and rejected by Magistrate Judge Cott. The petitioner argues that witness David Barbee, who testified at trial that the petitioner and Mitchell stole his watch and pointed a gun at his head, provided "weak and highly questionable" evidence that was not corroborated by police officers, and that his testimony was misleadingly described in the summation. (Pet. Obj. at 15-16.) He also argues that in summation, the prosecution exaggerated and "fabricated" the role of Officer Christopher Shaughnessy. (Pet. Obj. at 15-18; R&R at 23.) In the summation, the prosecutor stated that Barbee had identified the petitioner to Shaughnessy (Trial Tr. vol. 3 at 542), which, the petitioner claims, was inaccurate, prejudicial and contrary to the record. (Pet. Obj. at 15-18.) The R&R concluded that to the extent the prosecutor's statements about Shaughnessy were inaccurate, the record was corrected elsewhere, and the trial judge instructed the jury that its own recollection of the facts controlled.[1] (R&R at 24, citing Trial Tr. vol. 3 at 503, 532, 546, 565.) For the reasons explained in the R&R, I adopt Magistrate Judge Cott's conclusions that Branch was not prejudiced by his appellate counsel's failure to raise on appeal the statements in the prosecution's summation. I accordingly adopt the reasoning of the R&R.

---

[1] Petitioner's trial counsel timely objected to this reference to Shaughnessy, and was overruled by the trial court. (Trial Tr. Vol. 3 at 542.)

5

Finally, Branch contends that his appellate counsel fell short of the Strickland standard because of counsel's "failure to raise an identification defense which was preserved by trial counsel and which pertained to the core of the People's case." (Petition at 4.) As explained in the R&R, Branch asserts that law enforcement wrongfully failed to conduct a line-up, and that Barbee's identification of him should have been excluded. (R&R at 25.) As summarized in the R&R, and as set forth in the trial testimony, Barbee approached officers proclaiming that "the guys in that car" had shot at him. (R&R at 26; Trial Tr. vol. 2 at 56-57, vol. 3 at 192-93, 233.) The evidence at trial indicated that Barbee excitedly and voluntarily pointed out Branch to law enforcement. (R&R at 26-27; Trial Tr. vol. 2 at 56-57, vol. 3 at 193.) As the R&R concluded, because Barbee's identification was spontaneous and voluntary, and happened shortly after the alleged robbery of his watch and Mitchell's use of the firearm, Branch's appellate counsel lacked a strong basis to assert that the identification was constitutionally infirm. (R&R at 25-28.) See, e.g., Neil v. Biggers, 409 U.S. 188, 198-200 (1972) (discussing criteria for identifying an unduly suggestive identification procedure that violates due process). Moreover, as the R&R notes, a defendant has no constitutional right to be identified through a police-arranged line-up. (R&R at 28, citing Sims v. Sullivan, 867 F.2d 142, 145 (2d Cir. 1989).)

The R&R observes that while Barbee did not positively identify Branch at trial, the trial judge instructed that, when weighing witness identification, the jurors were to "take into account all the facts and circumstances that existed at the time the witness made his or her observation." (Trial Tr. vol. 3 at 579.) In his objections, the petitioner sets forth several arguments as to why the evidence at trial did not support the jury's

finding of guilt, including Barbee's vagueness in identifying Branch with the pronoun "they," alleged vagueness as to Branch's pre-arrest identification, and the lack of "certainty" going to Branch's identification. (Pet. Obj. at 4-14.) According to the petitioner, "[a] reversal of petitioner's conviction was virtually guaranteed had appellate counsel raised the issue" of police misconduct concerning Branch's pre-arrest identification. (Pet. Obj. at 6.) For the reasons explained in the R&R, these arguments are unpersuasive. Indeed, many of them go to issues that fell within the jury's factfinding role, such as witness credibility and the persuasiveness of circumstantial evidence.

Lastly, I note that an attorney is under no obligation "to advance every nonfrivolous argument that could be made." Aparicio v. Artuz, 269 F.3d 78, 96 (2d Cir. 2001). Assuming arguendo that the arguments currently advanced by the petitioner are not entirely frivolous, the 48-page memorandum of law prepared by his appellate counsel reflects a conscientious effort to put forward meritorious arguments. (Tarr Dec. Ex. D.) Appellate counsel argued that the trial court violated the Sixth Amendment's confrontation clause by excluding the petitioner from the courtroom due to his in-court outbursts (Tarr Dec. Ex. D at 19-32), that the trial court violated the Confrontation Clause and due process in its handling of the jurors' request for a written copy of the jury charge (Tarr Dec. Ex. D at 40-44), and that the petitioner's sentence was unduly severe and an abuse of discretion (Tarr Dec. Ex. D at 45-47). In addition, appellate counsel vigorously argued that the petitioner was prejudiced by the trial court's allegedly unconstitutional denial of Branch's severance motion. (Tarr Dec. Ex. D at 32-40.) Though Branch did not prevail in the Appellate Division, his appellate brief is comprehensive in its discussion of relevant facts and law. The petitioner's ineffective assistance arguments

7

amount to little more than a retrospective critique of his counsel's strategic choices, and, as such, "are virtually unchallengeable." Strickland, 466 U.S. at 690.

I have reviewed the plaintiff's objections going to the R&R's background discussion and its summary of the case and trial proceedings, and conclude that they are without merit.

For the foregoing reasons, I adopt the R&R in its entirety. The Clerk is directed to enter judgment for the respondent.

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
       December 16, 2010